UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPRESS ALEXANDRIYAH APHRODITE aka DANTE SEARS et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALLISON REGO et al.,<br><br>Defendants. | Case No.: 22-CV-1597 JLS (DEB)<br><br>**ORDER (1) DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT**<br><br>(ECF Nos. 1 & 2) |

Presently before the Court are Plaintiffs Empress Alexandriyah Aphrodite aka Dante Sears ("Aphrodite"); Rancho Del Sol Estates LP ("RDSELP"); and Sovereign Nation of CXQTA Autochthons's (the "Tribe") (collectively, "Plaintiffs")[1] Complaint and Request for Injunction ("Compl.," ECF No. 1) and Aphrodite's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2). Having carefully

---

[1] The Court notes that, under this District's Civil Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney," and "[a]ll other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney." S.D. Cal. CivLR 83.3(j). Plaintiffs' Civil Cover Sheet indicates "N/A," "Pro Solido," "in divina" in the space provided to identify Plaintiffs' attorneys. *See* ECF No. 1-1. While Aphrodite may represent herself, both RDSELP and the Tribe may not. Plaintiffs are advised that, should they seek to continue this action, RDSELP and the Tribe must obtain counsel to represent them.

considered Plaintiffs' Complaint, Aphrodite's IFP Application, and the applicable law, the Court **DENIES** Aphrodite's IFP Application and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint for the reasons that follow.

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Here, Aphrodite notes that she is "the Leader of a Foreign Tribal Government," and that "Money, as defined by Constitution for the United States, et al.; is silver and gold, of which I have none." IFP Appl. at 5. Aphrodite simply writes "N/A" in nearly all the spaces provided on the form, including for income, employer, assets, and expenses. *See generally id.* Accordingly, the Court is unable, based on the information (or lack thereof) provided, to determine whether Aphrodite would be unable to afford the necessities of life should she be required to pay the requisite filing fee. The Court finds it incredible that Aphrodite has no assets, income, expenses, or debts whatsoever, whether in gold and/or silver or U.S.

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

dollars. *Corbin-Bey v. All Parties in Evidence & Principles of Subsidiaries*, No. CV 17-5400, 2017 WL 11541165, at *1 (E.D. Pa. Dec. 6, 2017) ("Quite simply, nothing in [the plaintiff]'s financial affidavit reflects that [s]he is eligible for *in forma pauperis* status, including h[er] allegation that [s]he does not possess any gold or silver coins.") (citation omitted). Accordingly, given its deficiency, the Court **DENIES WITHOUT PREJUDICE** Aphrodite's IFP Application.[3]

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

**I.     Standard of Review**

Because Aphrodite seeks to proceed IFP, her Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at

---

[3] The Court further notes that the IFP Application appears to have been submitted only by and on behalf of Aphrodite, *see generally* IFP Appl., and "that IFP status is only available to natural persons and not to 'artificial entities' such as corporations," *Climate Change Truth Inc. v. Abbott*, No. 3:22-CV-00739-HZ, 2022 WL 2117685, at *1 (D. Or. June 9, 2022) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 211–12 (1993)).

1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action" (emphasis added). As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (internal quotations and citation omitted).

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation

/ / /

of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II. Plaintiffs' Allegations

Plaintiffs' Complaint is not a model of clarity; however, it seemingly alleges that Plaintiffs possess a grant deed to certain property that constitutes the Tribe's reclaimed sovereign territory that was "stolen" by the United States government in 1939. Compl. at 5.[4] Plaintiffs claim that "Defendants are attempting to Seize the Territory in a court action against a TENANT who formerly owned the property." *Id.* Plaintiffs claim that "Defendants continue to stalk, harass, intimidate, and collude to commit FRAUD, breaking laws they are subject to." *Id.* Plaintiffs seek injunctive relief, a default judgment in the amount of $2,183,555,548.00 for trespass, and "Stand Down Orders to North County, Vista Sheriff(s) for all matters regarding the Territory." *Id.*

Plaintiffs indicate that the bases for this Court's jurisdiction are federal questions premised on the Supremacy and Contract Clauses of the U.S. Constitution and diversity of citizenship. *Id.* at 3. In the Civil Cover Sheet, Plaintiffs also assert a cause of action based on 18 U.S.C. § 242 ("Deprivation of Rights Under Color of Law (Against a Foreign State)"). ECF No. 1-1. Plaintiffs indicate that the Tribe is a sovereign nation and/or foreign state; Aphrodite, who has a California mailing address, is the Tribe's "Chieftess"; and RDSELP "is incorporated under the laws of the State of UTAH and has its principal place of business in the State of UTAH." Compl. at 1, 3.

## III. Analysis

The Court finds that Plaintiffs' Complaint must be dismissed because it does not appear that the Court has jurisdiction over Plaintiffs' claims. First, diversity jurisdiction requires "that the parties be in complete diversity," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003), meaning "all plaintiffs must have citizenship

---

[4] In citing to the Complaint, the Court references the blue numbers stamped in the upper righthand corner by CM/ECF.

different than all defendants," *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1057 (C.D. Cal. 2012). Plaintiffs, however, fail to allege adequately complete diversity among the Parties. Ninth Circuit law is clear "that an unincorporated Indian tribe is not a citizen of any state" and is therefore not subject to diversity jurisdiction. *See Am. Vantage Companies, Inc. v. Table Mtn. Rancheria*, 292 F.3d 1091, 1098 (9th Cir.), *as amended on denial of reh'g* (July 29, 2002). "'[N]otwithstanding the joinder of other diverse parties, the presence of an Indian tribe destroys complete diversity.'" *Grand Canyon Skywalk Dev., LLC v. Hualapai Indian Tribe of Ariz.*, 966 F. Supp. 2d 876, 881 (D. Ariz. 2013) (citations omitted). Because Plaintiffs do not allege that the Tribe is incorporated, the Court concludes on the face of the Complaint that the Tribe is a stateless party that destroys diversity.

Second, it does not appear that the Complaint raises any federal questions. Despite Plaintiffs' invocation of various provisions of the Constitution, the claims appear to be state-law causes of action for, among other things, fraud and trespass. And, while Plaintiffs profess to bring a claim under 18 U.S.C. § 242, "Plaintiff[s] cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action." *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.) (citing *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975)), *aff'd*, 350 F. App'x 605 (3d Cir. 2009).

Third, while Plaintiffs do not assert the presence of a United States government defendant as a basis for this Court's jurisdiction, *see generally* Compl.; ECF No. 1-1, the Court notes that Merrick Garland is among the many Defendants named in this action. *See* Compl. at 11. However, Plaintiffs do not specify whether Merrick Garland is sued in his personal or professional capacity or the basis of their claims against him. *See generally* Compl. Accordingly, the Court finds that the Complaint also fails to adequately allege jurisdiction premised on the presence of the United States as a party.

Fourth, it would seem Plaintiffs' claims potentially are barred by the *Rooker-Feldman* doctrine. "Under *Rooker–Feldman*, a federal district court does not have subject

matter jurisdiction to hear a direct appeal from the final judgement of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker–Feldman* precludes jurisdiction when federal court proceedings arise out of a final state court determination that is "judicial in nature" and the issues raised are "inextricably intertwined" with the state court proceedings, making the federal case a de facto appeal of a state court decision. *See Feldman*, 460 U.S. at 476, 486; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) (noting that a claim is inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it"). The *Rooker–Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16, 486; *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir. 1987) (quoting *Barrow v. Hunton*, 99 U.S. (9 Otto) 80, 82–83 (1878)). Again, the allegations of the Complaint are far from clear; however, Plaintiffs appear to be contesting the validity of actions taken by Defendants pursuant to a case pending in the California Superior Court. *See* Compl. at 3; ECF No. 1-1 (providing 37-2015-0043052-CU-PO-CTL as a related case). Given that Plaintiffs argue that Defendants are wrongfully attempting to seize the alleged Tribal territory, it would appear that Plaintiffs' claims may contest the propriety of a state-court decision concerning Plaintiffs' property rights and therefore may be barred by *Rooker-Feldman*.

Even overlooking these fundamental and significant jurisdictional flaws, the Court finds that the Complaint as presently pleaded is frivolous. Plaintiffs' claims appear to rely on a variation of the "sovereign citizen" movement. *See generally* Compl. However, "[c]ourts across the country have uniformly rejected such 'sovereign citizen' theories as frivolous, irrational, or unintelligible." *Bey v. Geiser*, No. EDCV19844JGBKKX, 2019

7

22-CV-1597 JLS (DEB)

WL 12447340, at *1 (C.D. Cal. May 21, 2019) (collecting cases). Ultimately, Plaintiffs' factual allegations are implausible and fail to state any actionable claim; therefore, the Complaint is subject to dismissal.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Aphrodite's IFP Application and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiffs may reopen this matter by both (1) paying the requisite filing fees and (2) filing an amended complaint curing the deficiencies noted above, on or before December 1, 2022. Any amended complaint must be complete in itself, without reference to Plaintiffs' original Complaint. Any claim not realleged in Plaintiffs' amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived").

*Should Plaintiffs fail to pay the requisite filing fees and/or fail to file an amended complaint on or before December 1, 2022, the Court will enter a final Order dismissing this civil action without prejudice based on Plaintiffs' failure to pay the necessary civil filing fees, Plaintiffs' failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2), Plaintiffs' failure to prosecute in compliance with a court order requiring amendment, and this Court's lack of subject-matter jurisdiction. See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage

/ / /
/ / /
/ / /
/ / /
/ / /

of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: November 21, 2022

Hon. Janis L. Sammartino
United States District Judge